UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS ANAYA, et al.,

                                Plaintiffs,

                -against-

ELEVATION CARRIER INC., et al.,

                                Defendants.

Case No. 1:26-cv-01450 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

This personal injury action was removed to this Court from New York State Court on February 20, 2026.  *See* Dkt. 1.  Defendants filed an answer on March 9, 2026.  *See* Dkt. 2.  On May 13, 2026, because Plaintiffs had not entered an appearance in the matter, the Court ordered that Plaintiffs file a notice of appearance by May 27, 2026, and advised that the failure to do so may result in the dismissal of this action without further notice.  *See* Dkt. 4.  The Court also directed Defendants to serve a copy of that order on Plaintiffs, and file proof of such service, by May 20, 2026.  *Id.*

On May 22, 2026, having received no such proof of service from Defendants, the Court ordered Defendants to comply with its May 13, 2026 Order forthwith.  *See* Dkt. 5.  Defendants did not comply with, or respond to, the May 22, 2026 Order.

Accordingly, the Court will grant a final extension for both parties to comply with the Court's orders.  Plaintiffs must enter a notice of appearance in this matter by **June 4, 2026**, and their failure to do so may result in dismissal of this action without further notice for failure to prosecute.  Defendants must serve this Order on Plaintiffs by **May 29, 2026**, and file proof of that service by **June 1, 2026**.  Defendants' failure to comply with this Order will result in the Court considering imposing sanctions upon them, or upon their attorneys, under Federal Rule of

Civil Procedure ("Rule") 16.  *See* Fed. R. Civ. P. 16(f)(1)(C) (providing that "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order"); *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (explaining that Rule 16(f)'s "sanctioning power accords with a district court's broader 'inherent power and responsibility to manage its docket so as to achieve the orderly and expeditious disposition of cases'" (citation modified) (quoting *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (per curiam))); *see also, e.g.*, *Velasquez v. Eastgate Whitehouse LLC*, No. 21-cv-02949 (VEC), 2021 WL 4909975, at *2 (S.D.N.Y. Oct. 20, 2021) ("[Rule] 16(f)(1)(C) allows a district court, on motion or *sua sponte*, to impose sanctions on an attorney who 'fails to obey a scheduling order or other pretrial order.'" (quoting Fed. R. Civ. P. 16(f)(1)(C))).

Dated: May 28, 2026
 New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge